

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~WILL WILSON~~
~~ATTORNEY GENERAL~~

Hon. Geo. H. Sheppard          Opinion No. O-6503
Comptroller of Public          Re: Whether the Comptroller of Public
Accounts                       Accounts is authorized to issue a war-
Austin, Texas                  rant in payment of the claim of the
                               Austin Construction Company, Dallas,
                               Texas, under the facts stated, and re-
Dear Sir:                      lated matters.

        Your letter requesting the opinion of this department
on the questions stated therein is in part as follows:

        "I am attaching hereto a claim filed by the Highway
    Department covering monthly estimate in favor of Austin
    Construction Company, Dallas, Texas, in the original
    amount of $160,226.72, being supplemental and final esti-
    mate No. 9 for work done for the period August 1, 1939,
    to August 18, 1939, and ask your department whether the
    Comptroller's Department is authorized to issue warrant
    in payment of the unpaid balance of $300.00 on this claim?

        "If so, then would the warrant issue against the ap-
    propriation made for the year 1939, or would it issue
    against current appropriation?

        "In connection with this request, I refer you to your
    Opinion No. 5713 and to Article 4357, V.A.C.S.

        "If, in your opinion, this department is authorized
    to issue warrant in payment of this claim, then would
    Article 4357 apply to any claim arising from the Highway
    Department?"

        The claim of the Austin Construction Company, Dallas,
Texas, presented with your inquiry is for the sum of $300.00.

        Article 4357, Vernon's Annotated Civil Statutes, is as
follows:

        "When claims and accounts are received, it shall
    be ascertained if there are funds available therefor;
    and the person making the examination shall indicate
    such fact by marking his initials upon such claim;
    and if there are no funds available, that fact shall
    be written or stamped upon such claim; and the same
    shall be held to await the authority to issue a proper

warrant therefor. No claim shall be paid from appropria-
tions unless presented to the Comptroller for payment
within two (2) years from the close of the fiscal year for
which such appropriations were made, but any claim not pre-
sented for payment within such period may be presented to
the Legislature as other claims for which no appropriations
are available. When a claim has been audited and warrant
drawn therefor, the claim shall be numbered with the same
number as the warrant; and such claim shall be filed numer-
ically according to class: 'general,' 'special,' 'pension,'
respectively. There shall be kept an alphabetical index of
claimants, either by filing the duplicate warrants in alpha-
betical order, or by such other method of indexing as may
be found most advisable. After the expiration of two years,
such claims shall be removed from the files and otherwise
securely stored and preserved as records."

Art. 6674e-5, V.A.C.S., provides:

"All monies now or hereafter deposited in the State
Treasury to the credit of the State Highway Fund including
all Federal Aid money deposited to the credit of said Fund
under the terms of the Federal Aid Highway Act, shall be
subject to appropriation by the Legislature for the speci-
fic purpose of the improvement of said system of State
highways by the State Highway Department."

Section 6 of Article VIII of the State Constitution
provides:

"No money shall be drawn from the Treasury but in pur-
suance of specific appropriations made by law; nor shall
any appropriation of money be made for a longer term than
two years, except by the first Legislature to assemble un-
der this Constitution which may make the necessary appro-
priations to carry on the government until the assemblage
of the 16th Legislature."

In the case of Johnson et al vs. Ferguson et al, 55 S.
W.(2d) 153, referring to Art. 6674q-5, it was said:

"It will be observed that section 5 of chapter 13
(Vernon's Ann.Civ.St. art. 6674q-5) is a literal copy of
art. 6674e, Vernon's Ann.Civ.St. with the portion we have
italicized omitted. If it did no more than to subject the
stated fund to future appropriation, it was equally as use-
less and unnecessary as section 5, chapter 13. It is not
contended that this article repealed any existing appro-
priation, or did more than to allocate all moneys present
and future deposited to the 'State Highway Fund' to the

'improvement' of the 'System of State Highways by the State Highway Department.' As such allocation we think it had the manifest purpose of removing such fund, beyond all doubt or peradventure, from the general revenue fund of the state and of devoting it, but not appropriating it, to the stated purpose. It served the double purpose of a declaration of policy and a direction to the state treasurer that the fund was not to be invaded for purposes other than those named in the article.

"The clear purpose of section 5 of chapter 13 was to repeal the omitted portions of article 6674e. It but continued in effect the previous allocation, omitting therefrom the previously included county-aid fund. It may be urged that this was unnecessary since articles 6674c, 6674f and 6674g, which provided for such aid, were expressly repealed in section 3 of chapter 13. But even so, a reenactment of article 6674e, so as to conform, through the omitted portions, to the other provisions of chapter 13, cannot justly be classed as an altogether purposeless and useless act.

"Even from a strictly grammatical viewpoint the future tense in the phrase 'shall be subject to the appropriation' does not necessarily apply to appropriation. It could as correctly be applied to the word 'subject.' The phrase is clearly susceptible of this interpolation, 'shall at all times hereafter be subject to appropriation made and to be made.' Viewed in the light of all the surrounding circumstances, we are clear in the view that the former and not the latter interpolation expresses the legislative intent."

In the case of Texas Co. vs. Schriewer et al, 38 S.W. (2d) 141, it is said:

"Under the statute, all funds belonging to the highway department are 'deposited with the State Treasurer to the credit of a special fund designated as 'The State Highway Fund,' and shall be paid only on warrants issued by the Comptroller upon vouchers drawn by the chairman of the Commission and approved by one other member thereof, such vouchers to be accompanied by itemized sworn statements of the expenditures.' R.S. art. 6694. By article 6672 of the statutes, it is provided that such funds shall be expended by and under the supervision of the state highway department. See, also, R.S. arts. 6673, 6674; Vernon's Ann.Civ.St. arts. 6674c, 6674d, and 6674e. It is apparent from the provisions of these statutes that the state highway department is given the control and supervision of the state highway funds and that it has the authority to say when the funds shall be expended and when they shall not be expended. The state treasurer is merely the depository of the funds. The highway

department is authorized to enter into the contract on the part of the state for the construction of state highways and to make a binding contract for the payment of the contract price thereof. Vernon's Ann.Civ.St. art. 6674l. The highway commissioners must authorize the payment of the estimates due under the contract and no installment can be paid until it is so authorized by the highway commissioners. We think the state highway department and the commissioners thereof are the officers whose duty it is to pay such claims, and that notice to that department is sufficient to impound the funds."

In the case of Smith et al vs. Texas Co., 53 S.W.(2d) 774, regarding the State Highway Funds, it is said:

"It thus appears that the Legislature has established a department and clothed it with full and complete authority to make contracts for the improvement of state highways and created a special fund out of which the obligations made by such department shall be discharged. The highway commission is charged with the duty of paying these obligations from this special fund. When consideration is given to the statutes vesting control over designated state highways in the state highway commission, and authorizing such body to contract and expend funds set apart for that purpose, it becomes obvious that such department is the one whose duty it is to pay contractors for work performed upon state highways. It is true that the state treasurer actually pays out the money on deposit to the credit of the highway department, as is generally the case with all obligations made by a state department for and on behalf of the state. He does this, however, as a mere disbursing officer and on vouchers issued and approved by a majority of the highway commission. He has no discretion in paying claims of contractors when they are properly approved by the highway commission. Certainly such discretion was intended to be lodged with the official whose duty it is to pay off and discharge such obligations. The Legislature might have made provision for the special highway fund to be deposited in some private banking institution. If it had done so, such bank would actually pay the vouchers issued by the highway department, but under such circumstances it could in no proper sense be considered the official whose duty it was to pay contractors for services performed under their contracts."

Since 1937 the Legislature has appropriated the balance of funds on hand at the beginning of each year of the biennium for the certain things mentioned in each appropriation act and for the use of the State Highway Department for the establishment of a system of State highways and the planning, construction and maintenance thereof, as contemplated and set forth in Chapter 1,

Title 116, and Chapter 186, General Laws of the Regular Session of the 39th Legislature, and amendments thereto.

After carefully considering the question involved, it is our opinion that Art. 4357 does not apply. Although the work done for which the claim is presented was done in 1939, the payment of this claim would not be from the appropriation for the biennium including the year 1939. The Legislature has conferred upon the Highway Commission authority to make contracts for the construction, maintenance, etc., of highways. If said Art. 4357 is applicable and the claimant is forced to go to the Legislature for an appropriation, it would be permitting that body the power to defeat a legal obligation of the State created by legal contract. It is our further opinion that Sec. 6 of Art. VIII of the State Constitution would not be violated by the payment of the claim under consideration. There is no appropriation of money made for a longer term than two years.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the claim of the Austin Construction Company, Dallas, Texas, can be paid by warrant issued against the current appropriation. As heretofore stated, it is our opinion that Art. 4357 is not applicable to the question under consideration.

You are further advised that it is our opinion that your department may legally issue a warrant in payment of the claim presented.

You further ask would Art. 4357 apply to any claim arising from the Highway Department? In answer to this question it would naturally follow that in view of our answer regarding the claim under consideration, Art. 4357 would not be applicable to claims similar to the one heretofore discussed. However, this opinion is not to be construed as holding that Art. 4357 would not apply to any claim arising from the Highway Department; neither is this opinion to be construed as holding that said Art. 4357 would apply to any claim arising from the Highway Department.

We will be glad to pass upon any specific claim that you may desire to present, but we cannot extend this opinion to any claim that may arise in that there might be certain facts and circumstances that would alter the answer given to the specific question answered in this opinion.

We are returning herewith the claim enclosed with your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED MAY 5, 1945
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

AW:LJ:wb
Encl.